UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARGARITA MARQUEZ, DELFINA CANDELAS, ISAURA MARTINEZ, and ANA LAURA FLORES on behalf of themselves and similarly situated individuals<br><br>Plaintiff,<br><br>v.<br><br>SAUL HERNANDEZ, individually, INTERNACIONAL EXPRESS, INC. d/b/a ENVIOS DE DINERO, RED LATINA TRANSFER, INC., RON'S TEMPORARY HELP SERVICES, INC., TRI-UNE LOGISTICS, LLC, QUALITY STAFFING GROUP, INC., and ELITE LABOR SERVICES, LTD.,<br><br>Defendants. | No. 16 C 10748<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION & ORDER

Defendant Elite Staffing, Inc. ("Elite") moves to dismiss on *res judicata* grounds, arguing that Plaintiffs are engaged in impermissible claim splitting following the settlement of an earlier case. For the following reasons, Elite's motion to dismiss on *res judicata* grounds (Dkt. 174) is granted.

## BACKGROUND

As this case has been proceeding for several years, the Court presumes general familiarity with the factual background and includes only a brief summary of facts relevant to this motion. On November 18, 2016, Francisco Hernandez filed a class action complaint asserting various claims under the Racketeer Influenced and

Corrupt Organizations Act, 18 U.S.C. §§ 1962(c) and 1964(c) ("RICO"), the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et. seq.* ("IMWL"), the Illinois Wage Payment Collection Act, 820 ILCS 115/1, *et. seq.* ("IWPCA"), and the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1, *et. seq.* ("IDTLSA"). Plaintiffs eventually filed a Third Amended Complaint, which several Defendants moved to dismiss under Rule 12(b)(6). On September 6, 2018, the Court dismissed only the RICO claims, finding that the remaining claims were "marginally sufficient" and thus stated a claim. (Dkt. 217 at 4-5) The Court instructed Plaintiffs to file an amended complaint, but only to make each count more straightforward and to make it clear which counts applied to which defendants. (*Id.*) Importantly, this instruction was "based on form rather than substance," as the Court already determined that the Third Amended Complaint stated a claim. (*Id.*) Plaintiff complied with the Court's instruction and filed a Fourth Amended Complaint on September 20, 2018. (Dkt. 218)

Elite moves to dismiss on *res judicata* grounds, arguing that Plaintiff is engaged in impermissible claim splitting following the settlement of a prior lawsuit, *Baker v. Elite Staffing, Inc.*, Case No. 15 CV 3246. (Dkt. 230 at 1) In *Baker*, Plaintiffs on behalf of themselves and all others similarly situated sued Elite for violations of the FLSA, the IMWL, and the IDTLSA. (*Id.*) The Court certified a Rule 23 class encompassing all of Plaintiffs' "state law claims." (Case No. 15 CV 3246, Dkt. 43 ¶ 3) The claims raised in the *Baker* case arise from the same transactions encompassed in the instant case, and there is significant overlap in the time periods

covered.¹ (Case No. 16 CV 10747, Dkt 230 at 2-4) Each Plaintiff in the instant case was an unnamed class member in *Baker* and, despite being represented by the same counsel and the fact that both cases were pending at the same, did not elect to opt out of the *Baker* case.²

The parties settled the *Baker* action pursuant to a settlement agreement. (Dkt. 230 at 2-4) On March 1, 2017, the *Baker* Court entered a final order of

---

¹ At the hearing on Oct. 30, 2019, Plaintiff argued that the time periods covered by the *Baker* suit and the current suit are different. Out of an abundance of caution, the Court will consider this argument, despite the fact that Plaintiff failed to raise these arguments in his response brief, and that Courts generally do not entertain new arguments during oral argument. *See Zinniel v. Comm'r*, 883 F.2d 1350, 1355 n. 8 (7th Cir. 1989) ("a litigant may not raise new arguments during oral argument."). Defendant Elite's several rounds of briefing on the issue all allege that there is substantial overlap between the time periods in the *Baker* case and the instant *Hernandez* case as well as the related *Marquez* case, Case No. 16 C 10748. The settlement release in *Baker* covers employees who worked for Elite from April 13, 2012 to April 13, 2015. (Dkt. 234, Ex. G at 1) Plaintiff argues that the Court should limit the scope of the *Baker* release to allow for claims that arose after April 2015. (Case No. 16 C 10748, Dkt. 145 at 21) However, Defendant is not arguing about the timeframe in the settlement release, but the timeframe for *res judicata*. As Defendant points out in its brief, the operative date for *res judicata* is the date the final order was entered—here, March 1, 2017. *Kilburn-Winnie v. Town of Fortville*, 891 F.3d 330, 333-34 (7th Cir. 2018); *see also, Weber v. Henderson*, 33 Fed. Appx. 610, 612 (3d Cir. 2002) ("for purposes of res judicata, final judgment on the merits occur[s] when the District Court approved [the] settlement and dismissed the case.). Thus, the time period covered by *res judicata* runs from April 13, 2012 through March 1, 2017, the date of final judgment.

In the *Marquez* suit, Plaintiff Marquez alleges that she worked for Elite from mid-2014 through April 2015, Plaintiff Martinez alleges that she worked for Elite from mid-2014 through March 2016, and Plaintiff Flores alleges that she worked for Elite in 2014. (Case No. 16 C 10748, Dkt. 171 ¶ 24, 30, 37) In *Hernandez*, Plaintiff Hernandez alleges that he worked for Elite from early 2015 through at least mid-2016. It appears that the timeframe of the instant suit significantly overlaps with that of *Baker*, and that Plaintiffs could have brought the instant claims in the earlier suit.

² At the hearing on Oct. 30, 2019, Plaintiff tried to make several additional arguments regarding the similarity of Plaintiffs. Plaintiff argues that the Plaintiffs in the instant suit were not the same Plaintiffs in the *Baker* suit. This difference is irrelevant as Defendants argue that the Plaintiffs in the instant suit are unnamed class members in *Baker*, not that the named Plaintiffs are identical in the two suits. Plaintiff disputes Defendant's assertion, arguing that the claims brought in each suit are sufficiently different to make one class impossible, which means current Plaintiffs could not have been unnamed class members in *Baker*. This argument appears to conflate two elements of *res judicata* (identity of parties and identity of claims). Regardless, the Court is persuaded by Defendant's arguments that the current Plaintiffs are indeed unnamed class members in *Baker*, and that the claims of current Plaintiffs arise from the same transactions that were encompassed by the *Baker* lawsuit even if the two cases assert different theories for relief. *See Parungo v. Community Health Systems*, 858 F.3d 452, 457 (7th Cir. 2017) ("separate claims will be considered the same cause of action for purposes of res judicata if they arise from a single group of operative facts, regardless of whether they assert different theories of relief.") (Dkt. 230, 5-7).

approval and dismissed the matter with prejudice. (*Id*. at Ex. C; Case No. 15 CV 3246, Dkt. 55) Elite argues that the final order in *Baker* acts as a bar to the instant action.

## LEGAL STANDARD

"The preclusive effect of a federal court judgement is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). The doctrine of *res judicata* bars claims that were "litigated or could have been litigated in a previous action." *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016*). Res judicata*, or claim preclusion, has three elements: "(1) an identity of the parties or their privies in the first and second lawsuits; (2) an identity of the cause of action; (3) a final judgment on the merits in the first suit." *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014).

## ANALYSIS

The elements of *res judicata* are met. As mentioned above, the claims raised in *Baker* arise from the same transactions as in the instant case, and the time periods covered are the same. (Dkt 230 at 2-4) Each Plaintiff in the instant case was an unnamed class member in *Baker* and did not opt out of that class or the settlement agreement. (*Id*.) Thus, the elements of *res judicata* are met. However, Plaintiffs argue that in settling *Baker*, those Plaintiffs released only those claims arising under the IDTLSA and preserved all others. (Dkt. 234 at 21-22) In making this argument,

4

Plaintiffs point to the language of the settlement agreement and the scope of the release. Specifically, the settlement provided:

> 'Released Claims' means any and all claims arising under the IDTLSA that were and could have been brought against Defendant Elite in this Lawsuit, excluding any claims arising under Section 15, 20, 25, 40, 90, 95(a)(1), 95(a)(3), and 95(a)(4) (except that any claim for attorneys' fees and costs relating to the released claims are also released) of the IDTLSA.

(Dkt. 234 at 21) (citing Ex. G, Joint Stipulation and Agreement to Settle Class Action Claims).

However, Elite is not arguing that Plaintiff released their claims. (Dkt. 247 at 3) Rather, Elite argues that the dismissal of the *Baker* case acts as a bar to the instant suit, "irrespective of the scope of the release." (*Id.*) The Court agrees. Although the *Baker* plaintiffs may have intended to release only the IDTLSA claims and preserve all others, that is not what happened. Instead, the *Baker* court certified a class of state law claims and then dismissed all of the pending claims with prejudice. (Case. No. 15 C 3246, Dkt. 55, Final Approval Order) As Elite notes, the scope of the release does not alter the ultimate resolution of the case. (Dkt. 247 at 3) The Baker court dismissed the entire action—all claims pending against Elite—with prejudice. (Dkt. 230, Ex. C ¶ 15; Case. No. 15 C 3246, Dkt. 55, Final Approval Order) This is a final order on the merits and prevents Plaintiffs from raising claims in the instant action. *Kilburn-Winnie v. Town of Fortville*, 891 F.3d 33, 333 (7th Cir. 2014). The present claim is barred. Consequently, the Court grants Elite's motion to dismiss.

5

## **CONCLUSION**

For the foregoing reasons, Elite's motion to dismiss (Dkt. 174) is granted.

E N T E R:

Dated: October 31, 2019

_____
MARY M. ROWLAND
United States District Judge