## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARGARITA MARQUEZ, DELFINA CANDELAS, ISAURA MARTINEZ, and ANA LAURA FLORES on behalf of themselves and similarly situated individuals<br><br>**Plaintiff,**<br><br>v.<br><br>SAUL HERNANDEZ, individually, IN-TERNACIONAL EXPRESS, INC. d/b/a ENVIOS DE DINERO, RED LATINA TRANSFER, INC., RON'S TEMPO-RARY HELP SERVICES, INC., TRI-UNE LOGISTICS, LLC, QUALITY STAFFING GROUP, INC., and ELITE LABOR SERVICES, LTD.,<br><br>**Defendants.** | **No. 16 C 10748**<br><br>**Judge Mary M. Rowland** |

## MEMORANDUM OPINION & ORDER

For the reasons stated below, Plaintiffs' motion to reconsider the Court's Octo-ber 31, 2019 Order (Dkt 204) dismissing Elite Staffing, Inc. ("Elite") from this suit is denied. (Dkt. 207).

## BACKGROUND

As this case has been proceeding for several years, the Court presumes general familiarity with the factual background and includes only a brief summary of facts relevant to this motion. On November 18, 2016, Francisco Hernandez filed a class action complaint asserting various claims under the Racketeer Influenced and Cor-rupt Organizations Act, 18 U.S.C. §§ 1962(c) and 1964(c) ("RICO"), the Fair Labor

Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, *et. seq.* ("IMWL"), the Illinois Wage Payment Collection Act, 820 ILCS 115/1, *et. seq.* ("IWPCA"), and the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1, *et. seq.* ("IDTLSA"). After a series of motions to dismiss, the Court dismissed the RICO claims, and Plaintiffs filed a Fourth Amended Complaint on September 20, 2018. (Dkt. 218).[1]

Defendant Elite, joined into the case on the Third Amended Complaint, moved to dismiss on *res judicata* grounds, arguing that Plaintiffs were engaged in impermissible claim-splitting following the settlement of a prior lawsuit, *Baker v. Elite Staffing, Inc.*, Case No. 15 CV 3246. (Dkt. 230 at 1). In *Baker*, plaintiffs on behalf of themselves and all others similarly situated sued Elite for violations of the FLSA, the IMWL, and the IDTLSA. (*Id.*) The parties settled the *Baker* action pursuant to a settlement agreement in which the *Baker* plaintiffs released some of their claims. (Dkt. 230 at 2-4). The scope of the release states:

> "Released Claims" means any and all claims arising under the IDTLSA that were and could have been brought against Defendant Elite in this Lawsuit, excluding any claims arising under Section 15, 20, 25, 40, 90, 95(a)(1) and 95(a)(4) (except that any claim for attorneys' fees and costs relating to the released claims are also released) of the IDTLSA.

(Dkt. 234, 22) (citing Ex. G, Joint Stipulation and Agreement to Settle Class Action Claims). The *Baker* court certified a Rule 23 class encompassing Plaintiffs' "state law claims" for settlement purposes. (Case No. 15 CV 3246, Dkt. 43 ¶ 3). Importantly, the

---

[1] The remaining docket citations cite to related case, *Hernandez, et al. v. Multi-Servicios Latino, Inc., et al.*, No. 16 C 10747. The parties indicate that the briefing in *Hernandez* is the operative briefing for this case. (Dkt. 207 ¶ 4).

*Baker* court dismissed the claims released in the settlement agreement, and entered a Final Approval Order that dismissed the entire action with prejudice. (Case No. 15 CV 3246, Dkt. 55 ¶ 15).

In its motion to dismiss, Elite argued that the Final Approval Order in *Baker* acts as a bar to the instant action based on *res judicata* and claims-splitting. Plaintiffs' response failed to address the *res judicata* arguments. (Dkt. 234, 22-23). Instead, Plaintiffs argued that the settlement release in *Baker* excluded claims under Section 20 of the IDTLSA—the claims now brought by the current Plaintiffs.

The Court ruled in favor of Elite after conducting a *res judicata* analysis, finding that: 1) the claims raised in this case arose from the same transactions as the *Baker* action; 2) each Plaintiff in the instant case was an unnamed class member in *Baker*;[2] and 3) the *Baker* court's dismissal of the entire action with prejudice constituted a final judgement on the merits. *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014) (setting forth the elements for *res judicata*). Thus, the Court concluded that the instant claims were barred by *res judicata*, because they were "litigated or *could have been litigated* in a previous action." *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (emphasis added). Regarding the *Baker* settlement release, the Court noted that "Elite is not arguing that Plaintiffs released their claims. (Dkt. 247 at 3) Rather, Elite argues that the *dismissal* of the *Baker* case acts as a bar to the instant suit, 'irrespective of the scope of the release.'" (*Id.*) (emphasis added). The Court agreed with Elite's analysis. The Court found that "[a]lthough the *Baker*

---

[2] Plaintiffs have never contested that the current Plaintiffs were unnamed class members in *Baker*. (Dkt. 234, 23-24; Dkt. 294, 2, fn. 1).

3

plaintiffs may have intended to release only the IDTLSA claims … and preserve all others, that is not what happened. Instead, the *Baker* court certified a class of state law claims and then dismissed all of the pending claims with prejudice. (Case. No. 15 C 3246, Dkt. 55, Final Approval Order). … The Baker court dismissed the entire action—all claims pending against Elite—with prejudice. (Dkt. 230, Ex. C ¶ 15; Case. No. 15 C 3246, Dkt. 55, Final Approval Order) This is a final order on the merits and prevents Plaintiffs from raising claims in the instant action. *Kilburn-Winnie v. Town of Fortville*, 891 F.3d 33, 333 (7th Cir. 2014)."

Based on the *Baker* court dismissal order, this Court granted Elite's motion to dismiss. (Dkt. 278, 5). As indicated by the above citation, the Court based its ruling on the principles of *res judicata*, not on the scope of the settlement release. This motion to reconsider followed. (Dkt. 287).

## ANALYSIS

Plaintiffs argue that the Court made two errors in its earlier ruling: 1) the Court erred in determining that the *Baker* court certified a Rule 23 class of all of the *Baker* plaintiffs' state law claims; 2) the Court erred in determining that the claims raised in *Baker* arose from the same transactions encompassed in the instant case because, according to Plaintiffs, a class could not have been certified in *Baker* for the claims asserted in this action. (Dkt. 294, 2). Plaintiffs believe the Court made these errors based on misrepresentations made by Elite. Plaintiffs once again assert that the claims raised here are not precluded by the *Baker* action because the *Baker* settlement agreement explicitly excluded claims arising under Section 20 of the IDTLSA

4

and the *Baker* plaintiffs did not allege any claims related to the ride-charges (the allegations in this case).

There are several problems with Plaintiffs' motion. First, Plaintiffs rely on Federal Rule of Civil Procedure 60(b)(3) based on Elite's misrepresentations, and on Rule 60(b)(6) because justice so requires. However, both of those rules provide parties with relief from a final judgment. *See Carmody v. Bd. of Trustees of the Univ. of Ill.*, 893 F.3d 397, 408 (7th Cir. 2018) (absent rule 54(b) language, Rule 60(b) does not apply to orders that dispose of less than all of a case). The Order at issue is not a final judgment, so Rule 60(b) does not apply. The Court declines to address any of Plaintiffs' arguments under either of these rules, and construes Plaintiffs' remaining arguments as a simple motion for reconsideration.

Second, Plaintiffs assert many new arguments in their motion to reconsider. A motion for reconsideration serves a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467, 474 (7th Cir. 2008) (internal citations omitted). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000). "Reconsideration is appropriate only when 'the court has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Hickory Farms, Inc. v. Snackmasters, Inc.*, 509 F.Supp.2d 716, 719 (N.D. Ill. 2007). In contrast, a motion for reconsideration "is an inappropriate vehicle for asserting

arguments that were not made by a party to which the arguments were available."
*Id.* Such a motion cannot "be employed as a vehicle to introduce new evidence" that
could have been obtained earlier. *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F.Supp. 656,
665 (N.D. Ill. 1982); *see also Aparicio-Brito v. Lynch*, 824 F.3d 674, 688 (7th Cir. 2016)
("While motion to reconsider must specify the errors of fact or law in the prior deci-
sion, they are not replays of the main event…").

In this case, Plaintiffs did not respond to Elite's original *res judicata* argu-
ments. (Dkt. 234, 22-23). They instead focused on the scope of the settlement release
and whether it excluded claims brought under Section 20 of the IDTLSA. (*Id.*). Now,
Plaintiffs raise a suite of new arguments addressing the identity of the plaintiffs, the
similarity of the claims, the scope of the release, and class certification under Rule
23. All of these arguments were available to Plaintiffs in the first round of briefing.
Plaintiffs chose not to make them and now seek a second bite at the proverbial apple.

Plaintiffs contest this characterization, claiming "it was not possible for Plain-
tiffs to foresee that the Court would draw this erroneous conclusion from Elite's
vaguely worded Reply Brief." (Dkt. 294, 4). But the Court was not misled by any mis-
representation. Rather, the Court relied on a plain reading of the *Baker* settlement
agreement and Final Approval Order.[3] The Court also relied heavily on the principles
of *res judicata*—principles Plaintiffs still fail to address. Next, it was foreseeable that

---

[3] Plaintiffs argue that Elite incorrectly represented the Baker proceeding by stating: "although the
parties' settlement in *Baker* encompassed a release of claims pertaining to certain IDTLSA claims,
Plaintiffs certified a class of state law claims and then dismissed all of the pending claims with preju-
dice." (Dkt. 287 ¶ 10) (citing Dkt. 247, 2). This Court reached the same conclusion after reviewing the
*Baker* settlement agreement and Final Approval Order: the *Baker* court certified a settlement class
for certain IDTLSA claims, and then dismissed the all certified state law claims with prejudice.

issues such as the scope of the release, the identity of the parties, the similarity of the claims, and the scope of the *Baker* dismissal would be at issue. Elite identified those issues as the elements of *res judicata* in its original motion to dismiss. Plaintiffs' failure to make sufficient arguments the first time around is not "manifest error" that warrants a motion to reconsider.

Plaintiffs' motion to reconsider must also fail on the merits. Plaintiffs do not make any responsive arguments regarding *res judicata* and claim-splitting. Instead, Plaintiffs dispute (1) whether the *Baker* court certified a class of *all* of the state law claims, and (2) whether a class could have been certified in *Baker* for the claims asserted in this action. (Dkt. 287 ¶¶ 8, 15). Plaintiffs have failed to provide the Court with any legal analysis or legal authority as to why these two questions are dispositive to a *res judicata* analysis. As the Court noted in its Order, the scope of *res judicata* is determined by the transaction that caused the plaintiffs' alleged injury, not a settlement release agreed to by the parties. *See, e.g.*, *Car Carrier, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986) ("Once a transaction has caused [an] injury, all claims arising from that transaction must be brought in one suit or be lost."); *Carr v. Tillery*, 591 F.3d 909, 913-14 (7th Cir. 2010) ("You cannot maintain a suit, arising from the same transaction or events underlying a previous suit, simply by a change of legal theory. That is called 'claim splitting,' and is barred by the doctrine of *res judicata*.").

Elite argued that this transactional test operates at a high level of generality, and that the claims raised in this suit arise from the same transactions encompassed

7

in the *Baker* lawsuit: whether Elite paid Plaintiffs all that was due when Plaintiffs worked for Elite.[4] Based on the principles of *res judicata* and claim-splitting—and without responsive counterarguments from Plaintiffs—the Court determined that the transaction that caused Plaintiffs' injuries were the same as the transaction in *Baker*. The Court then determined that the *Baker* court's Final Approval Order dismissed the entire action, resulting in a final judgment on the merits. (Case No. 15 CV 3246, Dkt. 55 ¶ 15). Now in their motion to reconsider, Plaintiffs once again have failed to make any arguments regarding *res judicata* and claim-splitting. And their arguments regarding the scope of the transaction rest entirely on Rule 23 grounds.[5] Plaintiffs have accordingly failed to show that the Court's analysis was in error.

To be clear, the Court reached its earlier conclusion *regardless of the scope of the release*, and thus, regardless of the two points Plaintiffs identify. Even if, as Plaintiffs argue, the *Baker* court only certified a class for the IDTLSA claims listed in the settlement release, and even if a class could not have been certified if plaintiffs included the ride-share charges, the result is the same. *See Parungo v. Comm. Health Systems*, 858 F.3d 452, 457 (7th Cir. 2017) ("[S]eparate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of

---

[4] Plaintiffs do not cite to any cases suggesting this level of generality is inappropriate or incorrect. *Duehning v. Aurora E. Unified School Dist. 131*, No. 13 C 5617, 2015 WL 500876, at *3 (N.D. Ill. 2015) (a court is not required to conduct legal research and construct arguments for a represented party).
[5] Plaintiffs appear to argue that, because the claims in this case could not be certified for Rule 23 class action treatment in *Baker*, they do not arise from the same transaction. They also argue that the ride-charge claims in this case were not alleged in *Baker*. They do not cite any legal authority suggesting that the scope of a Rule 23 class action affects the scope of operative facts for claims-splitting or *res judicata*. Indeed, authority cited by Elite suggests the opposite, as claims-splitting involves claims that were "litigated or *could have been litigated* in a previous action." *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (emphasis added). The fact that certain claims brought here were not brought by the *Baker* plaintiffs does not undermine Elite's claim that they *could have been brought* and are thus barred.

8

operative facts, regardless of whether they assert different theories of relief."). These claims all stem from the same transaction or occurrence. Plaintiffs have provided no authority to suggest otherwise. Thus, the doctrine of *res judicata* bars Plaintiffs' current claims against Elite.

## CONCLUSION

Given that the Court's earlier Order rested on *res judicata* grounds, and given that Plaintiffs failed to demonstrate that the Court's *res judicata* analysis was in error, Plaintiffs' motion for reconsideration (Dkt. 207) is denied.

E N T E R:

Dated: July 16, 2020

*Mary M Rowland*

_____

MARY M. ROWLAND

United States District Judge